**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey  07602-0800
201-489-3000
201-489-1536  Facsimile
Attorneys for Defendant, GameStop, Inc.

|  |  |
|---|---|
| THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., <br><br>             Plaintiff, <br><br>      v. <br><br>GAMESTOP, INC., <br><br>             Defendant. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY <br>CIVIL ACTION NO. 2:11-CV-4879 (SDW) (MCA) <br><br>Civil Action <br><br>**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2** |

Defendant, GameStop, Inc. ("GameStop" or "Defendant"), a Minnesota corporation with its principal place of business located at 625 Westport Parkway, Grapevine, Texas 70651, answers the Complaint of plaintiff, The Great Atlantic & Pacific Tea Company, Inc. ("A&P" or "Plaintiff"), as follows:

**AS TO THE PARTIES**

1.     GameStop lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and leaves Plaintiff to its proofs.

2.     GameStop admits only that it is a Minnesota corporation, but denies the remaining allegations in paragraph 2 of the Complaint.

**AS TO JURISDICTION AND VENUE**

3.     GameStop neither admits nor denies the allegations in paragraph 3 of the Complaint as the same constitute legal conclusions for which no affirmative response is required.

4. GameStop admits only that (a) A&P maintains an office in Bergen County, (b) the property at issue is located in Bergen County, and (c) GameStop leased the property from A&P. GameStop, however, denies that it defaulted on any obligations owed to A&P under any lease or other contract.

### AS TO FIRST COUNT

5. GameStop admits only that it is a Minnesota corporation, but denies the remaining allegations in paragraph 5 of the Complaint

6. GameStop admits the allegations in paragraph 6 of the Complaint.

7. GameStop denies the allegations in paragraph 7 of the Complaint.

8. GameStop admits only that it vacated the premises in or about August 2009, but denies the remaining allegations in paragraph 8 of the Complaint.

9. GameStop admits the allegations in paragraph 9 of the Complaint, but denies that it owes any money to A&P.

WHEREFORE, Defendant, GameStop, Inc., denies that Plaintiff, The Great Atlantic & Pacific Tea Company, Inc., is entitled to a judgment against it and instead demands judgment dismissing the Complaint, with prejudice, and awarding Defendant, GameStop, Inc., its reasonable attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

### AS TO SECOND COUNT

10. GameStop repeats its responses to the prior allegations of the Complaint as if the same were made part of and fully set forth at length herein.

11. GameStop denies the allegations in paragraph 11 of the Complaint.

WHEREFORE, Defendant, GameStop, Inc., denies that Plaintiff, The Great Atlantic & Pacific Tea Company, Inc., is entitled to a judgment against it and instead demands judgment

dismissing the Complaint, with prejudice, and awarding Defendant, GameStop, Inc., its reasonable attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## AS TO THIRD COUNT

12. GameStop repeats its responses to the prior allegations of the Complaint as if the same were made part of and fully set forth at length herein.

13. GameStop denies the allegations in paragraph 13 of the Complaint.

WHEREFORE, Defendant, GameStop, Inc., denies that Plaintiff, The Great Atlantic & Pacific Tea Company, Inc., is entitled to a judgment against it and instead demands judgment dismissing the Complaint, with prejudice, and awarding Defendant, GameStop, Inc., its reasonable attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

A&P's Complaint fails, in whole or in part, to state a claim upon which relief can be granted against GameStop.

### SECOND AFFIRMATIVE DEFENSE

A&P has failed to mitigate its damages reasonably and adequately in this matter.

### THIRD AFFIRMATIVE DEFENSE

A&P's claims are barred by virtue of the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Any damages sustained by A&P are the result of its own actions or omissions.

**FIFTH AFFIRMATIVE DEFENSE**

Any damages sustained by A&P were proximately caused by third parties over whom GameStop exercises no authority or control.

**SIXTH AFFIRMATIVE DEFENSE**

A&P's Complaint is barred, in whole or in part, by virtue of the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred, in whole or in part, because it has not suffered any cognizable damages.

**EIGHTH AFFIRMATIVE DEFENSE**

The liquidated damages clause of the lease is unenforceable as against public policy.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, by the doctrine of estoppel.

WHEREFORE, Defendant, GameStop, Inc., denies that Plaintiff, The Great Atlantic & Pacific Tea Company, Inc., is entitled to a judgment against it and instead demands judgment dismissing the Complaint, with prejudice, and awarding Defendant, GameStop, Inc., its reasonable attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

>                              COLE, SCHOTZ, MEISEL, FORMAN
>                              & LEONARD, P.A.
>                              Attorneys for Defendant, GameStop, Inc.
>
>
>                              By:  *s/ Damian L. Albergo*
>                                    Damian L. Albergo

DATED:  October 13, 2011

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


*s/ Damian L. Albergo*
DAMIAN L. ALBERGO

DATED:  October 13, 2011